Cohn, J.
(dissenting). In my view the police commissioner, acting under section 436-3.0 of the Administrative Code of the City of New York (Local Laws, 1947, No. 39 of City of New York), had full authority to adopt the challenged regulations controlling the licensing of hotel runners.
*259 The legislative findings set forth in subdivision a of section 436-3.0 state in part: “ The opportunities for a runner have consequently dwindled, competition has become keen and complaints have been steadily increasing concerning misinformation and fraudulent statements given out by runners.”
Subdivision h of the same section provides: “ Rules and regulations. The commissioner [Police Commissioner] may make such rules, regulations and orders as he may deem necessary for the licensing and conduct of hotel runners, licensed pursuant to the provisions of this section, and which in his opinion will serve to secure the objects of this section, protect persons and property and otherwise safeguard the interests of the traveling and general public.”
Buie 4 of the rules and regulations issued by the police department governing hotel runners which provides that a licensee shall not divert or attempt to divert any person from his announced destination is calculated to correct evils outlined in the legislative findings heretofore quoted. This rule was promulgated to eradicate the practice of “ steering ” as practiced by hotel runners. The fact that the State Legislature has made it a crime for a person to divert by means of a false statement for purposes of gain a person to another hotel does not mean that the police commissioner might not also act in the same field. The regulation does not prohibit anything that the State permits nor does the State law indicate an intention to occupy the entire field to the exclusion of the local laws.
The reasons for the promulgation by the police commissioner of rule 5, which prohibits a hotel runner from chauffeuring a visitor’s car are equally apparent as evidenced in the report made by the committee on general welfare of the city council prior to the adoption of the local law as ultimately approved. The police commissioner, in adopting this rule, was not usurping the functions of the New York State Motor Vehicle Commissioner. He had issued a regulation which is confined strictly to the evil sought to be corrected. The only limitation imposed by the commissioner is that a licensee, while acting as a hotel runner, may not chauffeur a visitor’s car. He, of course, may use his own car while working as a runner and when not working as a runner with the large official badge exhibited on the lapel of his coat, he may drive anyone’s car. The use of the public streets for a business such as this is a privilege granted by the city, clearly affected with a public interest and subject to all reasonable regulations. Acting under the grant of power given to him by the local legislature the police commissioner was faced *260 with the problem of promulgating rules which would protect visitors to New York from deceitful and misleading practices of some hotel runners. Buies 4 and 5 are designed to afford such protection. In such effort the commissioner should be fully supported.
The judgment insofar as it enjoins the promulgation of rule 5 prohibiting licensees from acting as chauffeurs while working as hotel runners should be reversed and that portion of the judgment which sustains rule 4 prohibiting diversion of visitors should be affirmed.
G-lennon and Van Voorhis, JJ., concur with Peck, P. J.; Cohn, J., dissents and votes to reverse the judgment insofar as it enjoins the promulgation of rule 5 prohibiting licensees from acting as chauffeurs while working as hotel runners, and votes to affirm that portion of the judgment which sustains rule 4 prohibiting diversion of visitors, in an opinion in which Dore, J., concurs.
Judgment modified insofar as to enjoin the defendant from enforcing rule 4 as well as that portion of rule 5 as to which an injunction was issued and, as so modified, affirmed, with costs to the plaintiff-respondent. Settle order on notice.